EX PARTE CARL C. CALLOWAY.

No. 25,275. April 4, 1951.
Rehearing Denied May 9, 1951.

Hon. Henry King, Judge Presiding.

Relator represented himself.

*Henry Wade,* Criminal District Attorney, *Charles S. Potts,* Assistant District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

Relator filed a writ of habeas corpus with the Honorable Henry King, Judge of the Criminal District Court No. 2 of Dallas County, Texas, who granted the same and made it returnable to this court.

From the writ it appears that relator was on June 24, 1939, convicted as an habitual criminal in the district court of Tarrant County and given a life sentence.

Relator was at liberty by virtue of reprieves, extensions of reprieve, and a conditional pardon from 1941 until 1947.

On January 9, 1947, the Governor revoked a conditional pardon theretofore granted relator and ordered relator's return to the penitentiary to serve the balance of his original sentence and denied him credit for any time while he was at liberty under clemency.

Relator contends that this revocation is void because the order of revocation does not show that he was guilty of a violation of any of the conditions of the conditional pardon.

The conditional pardon was predicated upon Executive Proclamation #4795, dated July 30, 1942, which provided that the same might be revoked if relator "is guilty at any time of any misconduct or violation of the law or—for any other reason the Governor may deem sufficient."

This became a contract, and relator is bound by its terms.

This court will not inquire into the reasons motivating the Governor in revoking relator's conditional pardon. The writ is denied.

ON MOTION FOR REHEARING.

WOODLEY, Judge.

As suggested in our original opinion, the conditional pardon granted to appellant was predicated upon and was an enlargement and extension of the clemency granted relator by proclamation of July 30, 1942, and the extensions thereof.

The conditional pardon was granted upon recommendation of the Board of Pardons and Paroles in order that relator might be inducted into the armed forces; was conditioned upon his acceptance by the armed forces and limited by its terms to the period of his military service only.

In his proclamation of January 9, 1947, the Governor found "that the said Carl C. Calloway has not proved himself worthy of the trust and confidence placed in him when he was released, and that he has violated, and failed to perform and fulfill the terms and conditions of the conditional pardon heretofore granted unto the said Carl C. Calloway under date of January 17, 1944, by Proclamation No. 37-2078."

For the reasons stated in the proclamation, the Governor revoked the conditional pardon and ordered relator returned to the penitentiary.

It is not contended or alleged that relator was in fact in the military service at the time of the revocation of the conditional pardon.

We remain convinced that the relief prayed for was properly denied.

Relator's motion for rehearing is overruled.

Opinion approved by the court.